# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| CARLOS SILVA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 2:12-CV-473 |
| | ) | |
| MR. APOLLO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on the motion for a temporary restraining order and preliminary injunction, filed by *pro se* Plaintiff Carlos Silva. (DE #3.) For the reasons set forth below, Plaintiff's motion for a temporary restraining order and preliminary injunction is **DENIED**.

BACKGROUND

Mr. Silva is a prisoner confined at the Lake County Jail, and the Defendants are jail officials. In his complaint, Mr. Silva alleges that he has been subjected to unsanitary food trays, which he asserts poses a health hazard. Specifically, he states that the trays are "unclean," that there was "a hair net in the food [and] also a rock," that he "fears for [his] health because of the deplorable conditions of the food trays," that he is "stressed out and afraid to eat off the food trays," and that he has "been vomiting as of late." (DE #1, pp.3, 5.) As attachments to his complaint, Mr. Silva submits declarations from seven other jail

inmates attesting to the unsanitary conditions of the trays on which the meals at the jail are served. (DE #1-1.) Inmate Zachary Z. Kuzma states in his declaration that "I feel sick every time I eat off the trays." (*Id*. at 4.) Inmate David Gutierrez, Jr., states that "sometimes" the food he eats from the dirty food trays "make[s] my stomach hurt." (*Id*. at 3.) Inmate Raymond J. Hughes states that "I believe my health has been effected (sic) by these conditions. I have thrown up numerous times." (*Id*. at 7.)

In his motion for temporary restraining order and preliminary injunction, Mr. Silva states that he is "sick of these nasty trays" and seeks an order "to stop Mr. Apollo, Mr. Cantle, Mr. Ivetic, Mrs. Gore, [and] Mrs. Leto from feeding [him] on theses (sic) nasty trays." (DE #3.)

**DISCUSSION**

Since Mr. Silva asks for both a temporary restraining order and a preliminary injunction, the Court will address both standards. A temporary restraining order is an extraordinary and drastic remedy that should not be granted unless the movant carries the burden of persuasion by a clear showing of (1) reasonable likelihood of success on the merits, (2) no adequate remedy at law, (3) irreparable harm absent injunctive relief outweighing irreparable harm if injunctive relief is granted, and (4) no harm to the public interest. *Goodman v. Ill. Dep't of Fin. & Prof'l*

*Regulation*, 430 F.3d 432, 437 (7th Cir. 2005). Under federal law a temporary restraining order should be restricted to preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974) (citations omitted).

Similarly, "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To obtain preliminary injunctive relief, the moving party must demonstrate that he or she has a reasonable likelihood of success on the merits, lacks an adequate remedy at law, and will suffer irreparable harm if immediate relief is not granted. *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S., Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008).

The instant request for injunctive relief will be denied because Mr. Silva has not demonstrated that he has a likelihood of success on the merits or that he will suffer irreparable harm if immediate relief is not granted. Mr. Silva asserts that the jail has served him food on unsanitary trays which causes him to fear for his health. He also states that he has been vomiting as of late. The problem is that Mr. Silva has failed to successfully link the condition of the trays to any actual, substantial harm to

3

himself; he has failed to show that the trays are responsible for his vomiting. Mr. Silva has tried to satisfy his burden of proof by providing declarations from other prisoners who state under oath that the trays are dirty and nasty. For example, one prisoner states that he feels sick when he eats off of the trays, while another states that the trays make his stomach hurt. However, this is not enough. Simply put, Mr. Silva does submit admissible evidence establishing a likelihood that the unsanitary food trays caused him to suffer any actual harm. Neither he nor any of the other inmates who submitted declarations claimed to have developed a disease or suffered any other actual, substantial harm from exposure to these trays. Mr. Silva has not shown that he will suffer an additional immediate and irreparable injury, loss, or damage if the Court does not immediately address his claim.

Temporary restraining orders and preliminary injunctions are both extraordinary and drastic remedies, and in order to obtain either, a party must clearly establish that he has a reasonable likelihood of success on the merits and that he will suffer irreparable harm if the Court does not grant immediate relief. Mr. Silva's submissions do not meet these requirements in this case.

4

**CONCLUSION**

For the reasons set forth above, the Court **DENIES** *pro se* Plaintiff Carlos Silva's motion for a temporary restraining order and preliminary injunction.  (DE #3.)


**DATED: December 14, 2012**               **/S/RUDY LOZANO, Judge**
                                           **United States District Court**