# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| CARLOS N. SILVA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 2:12-CV-473 |
| | ) | |
| MR. APOLLO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the court *sua sponte* pursuant to 28 U.S.C. Section 1915A. For the reasons set forth below, the Court **GRANTS** Plaintiff leave to proceed against Defendants for damages and injunctive relief on his Fourteenth Amendment claim that Defendants consistently feed him on unsanitary food trays and **DISMISSES**, pursuant to Section 1915A, all other claims.

BACKGROUND

Plaintiff Carlos Silva ("Silva") is a prisoner confined at the Lake County Jail; the defendants are various Lake County Jail officials (collectively, "Defendants"). Silva alleges that Defendants violated rights protected by the United States Constitution's Eighth and Fourteenth Amendments by subjecting him to unsanitary food trays, which he asserts poses a health hazard and has injured his health. He also alleges that he has found foreign objects in his food.

DISCUSSION

Pursuant to 28 U.S.C. § 1915A(a), district courts must review the merits of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

The pleading standards in the context of a motion to dismiss for failure to state a claim are that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). A court should assume the veracity of a complaint's allegations, and then determine whether they plausibly give rise to an entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

In the context of *pro se* litigation, the Supreme Court has stated that "[s]pecific facts are not necessary" to meet the

2

requirements of Rule 8(a).  The Court has further noted that a "document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007).

To state a valid cause of action under § 1983, a plaintiff must allege violation of rights secured by the Constitution or laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988).  The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Silva alleges that Defendants, who are various Lake County Jail officials, violated his rights as protected by the Constitution's Eighth and Fourteenth Amendments.  In addressing a claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the defendants' actions. *Graham v. Conner*, 490 U.S. 386, 394, (1989).  The Fourteenth Amendment's due process clause protects pretrial detainees and the Eighth Amendment's cruel and unusual punishments clause protects the rights of those convicted of crimes. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979).

Silva states in his complaint that he is at the jail as a

pretrial detainee. (DE #1, p. 1.) Accordingly, his claims arise under the Fourteenth Amendment's due process clause. However, that does not matter at the screening stage because "[a]lthough the Eighth Amendment only applies to convicted prisoners . . . the same standard applies to pretrial detainees under the Fourteenth Amendment's due process clause." *Williams v. Rodriguez*, 509 F.3d 392, 401 (7th Cir. 2007).

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991).

In his complaint, Silva alleges that the food trays off which he is required to eat are "very nasty" and "deplorable." (DE #1, p. 3.) He claims that he is "in fear for [his] health" and that he is "stressed out and afraid to eat off the food trays every day." (*Id*. at 5.) He also alleges that he has "been vomitting (sic) as of late." (*Id*.) Silva attaches the declarations of seven other inmates to his complaint (DE #1-1), which amplify his allegations. According to these affidavits, the trays are consistently very dirty and filthy. For example, inmate Zachary Z. Kuzma states in

4

his declaration that "I feel sick every time I eat off the trays." (DE #1-1 at 4.) Finally, Silva alleges that he has made repeated attempts to notify Defendants of the "damaged and deplorable trays" and that Defendants have been deliberately indifferent to his complaints.

As noted above, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Giving Silva the benefit of the inferences to which he is entitled at this stage, the Court cannot say that his claim that Defendants consistently feed him on unsanitary food trays is implausible under the provisions of the Fourteenth Amendment.

In his complaint, Silva also states that he found a rock and a hair net in his food. (DE #1, p. 3.) What he has not done, however, is explain why he believes that any of the named Defendants are responsible for that occurrence. He does not say what any of them did or did not do to cause (or not prevent) the rock and the hair net from being in his food. He does not allege that he consistently finds foreign objects in his food; rather, he describes it only in general terms as an isolated incident.

5

Furthermore, Silva does not describe how he was affected or injured by the rock or the hairnet.

"Section 1983 was intended to protect only rights guaranteed by federal law, and not [to create] tort claims for which there are adequate remedies under state law." *Wright v. Collins*, 766 F.2d. 841, 849 (4th Cir. 1985). "Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment. To state a claim under the Eighth Amendment, [the plaintiff] must, at minimum, allege facts sufficient to establish that the defendants possessed a total unconcern for [his] welfare in the face of serious risks." *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994) (internal citations omitted). Negligence or even "grossly negligent behavior" as that term as used in tort cases, is insufficient to constitute an Eighth Amendment violation. See *Guzman v. Sheahan*, 495 F.3d 852, 857 (7th Cir. 2007).

While Silva's claim that Defendants consistently feed him on unsanitary food trays is sufficient to suggest obduracy and wantonness because it deals with an ongoing and continuing problem that Silva alleges the Defendants are aware of but will not resolve, the claim that foreign items have occasionally been found in the food is not such a problem. At most, Silva has asserted that Defendants were negligent in allowing a rock and hairnet to become lodged in his food, which states no claim under section 1983. *Daniels v. Williams*, 474 U.S. 327, 335-36 (1986).

CONCLUSION

For the foregoing reasons, the Court:

(1) **GRANTS** the Plaintiff leave to proceed against Defendants for damages and injunctive relief on his Fourteenth Amendment claim that they consistently feed him on unsanitary food trays;

(2) **DISMISSES**, pursuant to 28 U.S.C. § 1915A, all other claims;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** that Defendants respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) **DIRECTS** the Marshals Service to effect service of process on the Defendants on the Plaintiff's behalf, and **DIRECTS** the clerk's office to ensure that a copy of this order is served on them along with the summons and complaint.

**DATED: January 3, 2013**          /s/RUDY LOZANO, Judge
                                    **United States District Court**